## NATIONAL LABOR RELATIONS BOARD Petitioner,

v.

## JACKSON HOSPITAL CORPORATION d/b/a Kentucky River Medical Center, Respondent.

No. 01–1406.

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

---

\* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

PER CURIAM.

At the heart of this application by the National Labor Relations Board ("Board") is the question of whether the Board acted reasonably in overruling the election objections of the Jackson Hospital Corporation, d/b/a Kentucky River Medical Center,

of Ohio, sitting by designation.

("Hospital") and finding that the Hospital violated §§ 8(a)(1) and (5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(a)(1) and (5). The Hospital claims that its refusal to bargain with the United Steelworkers of America, AFL–CIO–CLC ("Union"), in this dispute concerning the Hospital's registered nurses and nonprofessional employees, was the only means for the Hospital to obtain appellate review of the Board's decision to certify the Union as the exclusive representative of the Hospital employees.

There is no dispute among the parties with regard to the facts. The sole issue presented is whether the Board acted reasonably in overruling the Hospital's election objections and certifying the Union as the exclusive bargaining agent of the Hospital's employees.

## I. BACKGROUND

The Board certified the Union in NLRB case No. 9–R–C–17087 as the bargaining agent for the Hospital employees on June 8, 1998. An extensive period of negotiations ensued through December of 1999 without success. Thereafter, on June 9, 1999, the Hospital employees filed a decertification petition with the Regional Director pursuant to § 9(c)(1)(a)(ii) of the Act, 29 U.S.C. § 159(c)(1)(a)(ii), requesting that the Board conduct an election on the retention of the Union as the bargaining representative. Other proceedings were invoked, the ultimate disposition of which led to retention of the Union and the Board's issuance of an order overruling the Hospital's objections.

When the Hospital subsequently refused to recognize or bargain with the Union in accordance with the Board's previously issued certification, the Board held that the Hospital's conduct was in violation of §§ 8(a)(1) and (5) of the Act.

## II. DISCUSSION

The sole issue for our determination on appeal is whether the Board acted reasonably in rejecting the Hospital's objections to the election and certifying the Union. In ordering enforcement, we first note that only Objection 1 is properly before us. The Hospital has waived Objection 2, because, as the Board observes in its brief, "[t]he Hospital ... has not raised ... that objection to the court in the argument section of its brief and, therefore has abandoned it." *See NLRB v. Talsol Corp.*, 155 F.3d 785, 793–94 (6th Cir.1998). Consequently, the objection may not be reasserted on appeal.

■ With respect to Objection 1, which advances a claim of bad-faith bargaining, this was a refuse to bargain claim previously investigated and dismissed by the Regional Director on behalf of the General Counsel. Clearly, the General Counsel acted with legal authority under § 3(d) of the Act, 29 U.S.C. § 153(d). This authority is not reviewable by the courts. *NLRB v. United Food & Commercial Workers Union Local 23*, 484 U.S. 112, 122–23, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987) ("[T]he General Counsel's approval of a determination not to file an unfair labor practice complaint is not subject to judicial review ...."); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138–39, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (same).

■ An election took place here. The claim that the union engaged in misconduct, once dismissed, cannot provide grounds for its voidance. *Martinolich Ship Repair Co.* 111 N.L.R.B. 761, 762, 1955 WL 13185 (1955).

Moreover, the Board's long-established policy of deferring to the Regional Director in representation cases is beyond the jurisdiction of this court, particularly

where, as here, the Hospital had not challenged the policy at any prior stage. Section 10(e) of the Act, 29 U.S.C. § 160(e), disables the court in the absence of extraordinary circumstances from considering an "objection that has not been urged before the Board, its member, agent, or agency;" nor can this appellate court grant review of a matter not previously raised before the Board.

The Hospital invites this court to undertake a "serious reconsideration of standard Board policies regulating the interaction between the Board's [representation] and [unfair labor practice] cases processes" due to "an inherent incompatibility between certain conventional R case policy and associated ULP case proceedings...." (Respondent's Br. Statement in Support of Oral Argument). Precedent requires that we decline the invitation.

### III. CONCLUSION

On a full consideration of the record, briefs and contentions of the parties, we conclude that the Hospital's refusal to bargain violates §§ 8(a)(1) and (5) of the Act. The Board's order shall be enforced. *NLRB v. Duriron Co.*, 978 F.2d 254, 255 n. 1 (6th Cir.1992).

For the above reasons, the application for enforcement of the order is **GRANTED.**